**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR G. SCARBOROUGH and GAY E. SCARBOROUGH, Trustees of The Scarborough Family Trust, dated 1/5/07, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>BERTHEL FISHER & COMPANY FINANCIAL SERVICES, INC., an Iowa corporation; et al.,<br><br>Defendants - Appellees. | No. 11-55313<br><br>D.C. No. 2:10-cv-05491-JHN-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Plaintiffs appeal from the dismissal with prejudice of their First Amended

Complaint in this securities fraud case. Reviewing de novo, WPP Luxembourg

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

<u>Gamma Three Sarl v. Spot Runner, Inc.</u>, 655 F.3d 1039, 1047 (9th Cir. 2011), <u>petition for cert. filed</u>, 80 U.S.L.W. 3531 (U.S. Feb. 27, 2012) (No. 11-1069), we affirm.

<u>Claims One and Two</u>

Plaintiffs failed to plead misrepresentation and scienter adequately. <u>See</u> 15 U.S.C. § 78u-4(b)(1) (requiring particularity); Fed. R. Civ. P. 9(b) (same); <u>WPP</u>, 655 F.3d at 1048 (stating the elements of a claim under § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5). The complaint fails to identify any affirmative misrepresentation. The complaint also fails to identify any <u>material</u> omission, because there is no allegation that the inclusion of further information about the cross-collateralization agreement would have revealed any specific problems with the other properties at the time the Private Placement Memorandum ("PPM") was issued.

Even assuming that the complaint adequately pleads a misrepresentation or material omission, the facts alleged, taken collectively, do not "give rise to a strong inference of scienter." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 323 (2007).

<u>Claims Three and Four</u>

2

The district court dismissed Plaintiffs' Securities Act of 1933 claims on the ground that the PPM did not qualify as a prospectus. Plaintiffs' opening brief does not challenge that conclusion. Accordingly, Plaintiffs have waived any challenge to the district court's dismissal of their Securities Act of 1933 claims. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

Claims Five and Six

Plaintiffs' opening brief fails to contest the district court's decision not to exercise supplemental jurisdiction over their state law claims. Accordingly, Plaintiffs have waived their right to appeal the dismissal of their state law claims. See Fields v. Palmdale Sch. Dist., 427 F.3d 1197, 1203 n.6 (9th Cir. 2005) (concluding that, by failing to raise the issue in their opening brief, the plaintiffs waived any right to appeal the district court's decision not to exercise supplemental jurisdiction over their remaining state law claims).

AFFIRMED.

3